UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER A. DAVIS, JR. ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:07-0942 |
| ] | Judge Campbell |
| RICKY J. BELL ] | |
|     Respondent. ] | |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the prison, seeking a writ of habeas corpus.

In April, 1997, a jury in Davidson County found the petitioner guilty of attempted second degree murder. For this crime, he received a sentence of ten years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 12; Addendum No. 2; Document No. 3. The Tennessee Supreme Court later denied petitioner's application for further review.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 12; Addendum No. 1 at pgs. 3-15. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Id., at pgs. 61-70.[1] On

---

[1] While his post-conviction petition was still pending in the state courts, the petitioner filed his first petition for federal habeas corpus relief. Davis v. Bell, Civil Action No. 3:03-1121

1

appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 12; Addendum No. 3; Document No. 4. Once again, the Tennessee Supreme Court denied petitioner's application for additional review.

On September 18, 2007, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief. The petition sets forth two claims challenging the validity of the petitioner's conviction. They include an attack upon the sufficiency of the evidence to sustain the conviction and a claim that counsel was ineffective.[2]

Upon its receipt, the Court conducted a review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the respondent's Answer (Docket Entry No. 8) to the petition and the petitioner's Reply to the Answer (Docket Entry No. 11). Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

---

(M.D. Tenn.)(Haynes, J., presiding). By an order entered on December 14, 2004, the federal habeas corpus petition was dismissed without prejudice for failure to exhaust state court remedies.

[2] At trial, the petitioner was represented by Niles Nimmo, a member of the Davidson County Bar.

The petitioner's claims were fully litigated in the state courts on either direct appeal (sufficiency of the evidence) or during post-conviction proceedings (ineffective assistance) and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir. 1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner alleges that the evidence was not sufficient to support a conviction for attempted second degree murder. The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as that quantum of "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution.

3

Id., at 99 S.Ct. 2789.

The jury heard testimony from the victim who identified the petitioner as the man who lured him into the parking lot where he was shot. While the petitioner did not actually shoot the victim, testimony revealed that the petitioner was armed, the petitioner gave the shooter a pistol, the petitioner and the shooter intended to rob the victim, and the petitioner gave the order to shoot the victim. There was further evidence indicating that the petitioner was armed and fled when a detective approached him for questioning. Docket Entry No. 12; Addendum No. 2; Document No. 3. From this evidence, it is clear that any juror could have found the petitioner guilty of attempted second degree murder beyond a reasonable doubt.

During a search of the petitioner's room, police found an empty box for a .38 caliber pistol, the same type of pistol that may have been used to wound the victim. The gun box was later introduced by the prosecution at trial. The petitioner has alleged that his attorney was ineffective for failing to have the gun box suppressed.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and

4

made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claim and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings. When the petitioner was apprehended, he denied living in the apartment where the gun box was found. The subsequent search of the apartment, therefore, conducted with permission from the leaseholder, was a legal search that produced admissible evidence. By denying that the apartment was his residence, the post-conviction courts held that the petitioner had waived standing to oppose introduction of the gun box as the product of an unlawful search. The state courts properly applied the facts regarding the search and reasonably determined that counsel had not been deficient for failing to challenge a lawful search and the evidence gathered as a result of said search.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds that the petition for writ of habeas corpus lacks merit. Accordingly, the petition shall be denied and this action will be dismissed.

An appropriate order will be entered.

5

*Todd Campbell*
Todd Campbell
United States District Judge

6